IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JULIE A. PFENDLER,

              Plaintiff,

                                        MEMORANDUM AND ORDER
   v.                                              07-C-336-S

UNITED STATES OF AMERICA,

              Defendant.
_____

    Plaintiff Julie A. Pfendler commenced this negligence action against defendant the United States of America seeking monetary relief for injuries she suffered after a fall in the parking lot at the Baldwin, Wisconsin Post Office. Jurisdiction is based on 28 U.S.C. § 1346(b). The matter is presently before the Court on defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss what it has labeled Count II of plaintiff's complaint.

MEMORANDUM

    Defendant argues that Count II of the complaint should be dismissed because plaintiff has failed to allege any facts in the complaint which create liability in defendant under the Wisconsin Safe Place Statute ("WSPS"), Wisconsin Statutes § 101.11. Plaintiff argues that her allegation that defendant violated the WSPS is not a separate count or cause of action, but merely an attempt to put defendant on notice that plaintiff will seek to hold defendant to a higher duty of care than the duty of care found under ordinary negligence.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997) (citing Fed. R. Civ. P. 12(b)(6)). It is clear under Wisconsin law that "[t]he safe place statue does not create a distinct cause of action, but provides a higher duty than the duty of ordinary care regarding certain acts by employers and owners of places of employment or public buildings." Mair v. Trollhaugen Ski Resort, 2006 WI 61, ¶20, 291 Wis. 2d 132, 715 N.W.2d 598 (citing, Barry v. Employers Mut. Cas. Co., 2001 WI 101, ¶18, 245 Wis. 2d 560, 630 N.W.2d 517). Accordingly, Wisconsin law does not require separate pleadings for a WSPS claim and a common law negligence claim. Both claims are for an underlying claim of negligence. Mullen v. Reischl, 10 Wis. 2d 297, 308, 103 N.W.2d 49, 55 (1960).

In this case, plaintiff's only cause of action is for negligence. Plaintiff's allegations concerning WSPS is not a separate cause of action. Defendant does not dispute that the complaint states a cause of action for negligence, and the presence of an underlying claim for negligence creates the possibility that the WSPS will apply. Accordingly, whether the WSPS applies in this case will be pertinent in addressing the correct standard of care to use concerning defendant's alleged negligence but is not

pertinent in deciding whether plaintiff's complaint has stated a claim upon which relief can be granted.

Because the WSPS does not create a cause of action that is pled separately from an underlying negligence cause of action, defendant cannot request that the WSPS allegations be dismissed as a separate cause of action as aforesaid. This is not an issue to be decided under a Rule 12(b)(6) motion to dismiss. Accordingly, defendants motion to dismiss is denied.

ORDER

IT IS ORDERED that defendants motion to dismiss is DENIED.

Entered this 1st day of October, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge